**SCOTT E. BRADFORD, OSB #062824**
United States Attorney
District of Oregon
**CHARLES D. AGOOS, NYSB #5227269**
Assistant United States Attorney
Charles.Agoos@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204-2936
Phone: 503.727.1039
Attorneys for Defendant

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

| | |
|---|---|
| **MILLA LEILANI PAYNE,**<br><br>Plaintiff,<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>Defendant. | Case No.: 3:26-cv-01139-AN<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant United States of America, by Scott E. Bradford, United States Attorney for the District of Oregon, through Charles D. Agoos, Assistant United States Attorney, hereby submits its Answer to Plaintiff's Complaint in like-numbered paragraphs. The United States of America denies all allegations not specifically admitted. Section headings are included solely for organizational convenience and do not constitute admissions. The United States of America admits, denies, and alleges as follows:

## NATURE OF THE CASE

1.

In response to paragraph 1, the United States admits that Plaintiff has filed this damages action against the United States of America for assault and battery under the Federal Tort Claims Act ("FTCA"). The United States denies that it is liable under the FTCA and further denies that Plaintiff is entitled to damages. The United States admits that a Federal Protective Services ("FPS") officer sprayed a chemical irritant at the Plaintiff's face and denies that the officer acted in retaliation for Plaintiff's exercise of her First Amendment right to free speech. To the extent that the remainder of this paragraph contains legal conclusions, no response is required. To the extent that the remainder of this paragraph contains factual allegations, the United States denies for lack of sufficient knowledge or information.

## JURISDICTION

2.

In response to paragraph 2, this paragraph contains jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court. No response is required.

## VENUE

3.

In response to paragraph 3, to the extent that this paragraph contains legal conclusions, no response is required. To the extent paragraph 3 contains factual allegations, the United States admits that the alleged conduct occurred in Oregon.

**PARTIES**

4.

In response to paragraph 4, the United States denies the allegations for lack of sufficient knowledge or information.

5.

In response to paragraph 5, to the extent that this paragraph contains legal conclusions, no response is required. To the extent that this paragraph contains factual allegations, the United States admits that the federal law enforcement officers were acting in the scope of their employment.

**FACTUAL ALLEGATIONS**

6.

In response to paragraph 6, the United States refers to the policy. To the extent the allegations in paragraph 6 are inconsistent with the policy, they are denied.

7.

In response to paragraph 7, the United States refers to the policy. To the extent the allegations in paragraph 7 are inconsistent with the policy, they are denied.

8.

In response to paragraph 8, the United States admits that the One Big Beautiful Bill Act was enacted in July 2025 and appropriated funds for DHS hiring and training activities. The United States denies the allegations in the second sentence of paragraph 8 that contain characterizations of DHS's recruitment and training practices.

9.

In response to paragraph 9, the United States denies the allegations for lack of sufficient knowledge or information.

10.

In response to paragraph 10, the United States denies the allegations for lack of sufficient knowledge or information.

11.

In response to paragraph 11, the United States admits that there is an ICE facility located at 4310 S. Macadam Avenue and that there have been protests targeting the ICE facility. The United States denies the remaining allegations in paragraph 11 for lack of sufficient knowledge or information.

12.

In response to paragraph 12, the United States refers to the public statements. To the extent the allegations in paragraph 12 are inconsistent with the public statements, they are denied.

13.

In response to paragraph 13, the United States refers to the public statements. To the extent the allegations in paragraph 13 are inconsistent with the public statements, they are denied.

14.

In response to paragraph 14, the United States refers to the public statements. To the extent the allegations in paragraph 14 are inconsistent with the public

statements, they are denied.

15.

In response to paragraph 15, the United States refers to the public statements. To the extent the allegations in paragraph 15 are inconsistent with the public statements, they are denied.

16.

In response to paragraph 16, the United States admits the allegations.

17.

In response to paragraph 17, to the extent that this paragraph contains legal conclusions, no response is required. To the extent paragraph 17 contains factual allegations that require a response, the United States denies the allegations for lack of sufficient knowledge or information.

18.

In response to paragraph 18, the United States denies the allegations.

19.

In response to paragraph 19, the United States denies the allegations for lack of sufficient knowledge or information.

20.

In response to paragraph 20, the United States admits that two officers were standing near plaintiff. The United States denies the remainder of paragraph 20 for lack of sufficient knowledge or information.

21.

In response to paragraph 21, the United States denies the allegations.

22.

In response to paragraph 22, the United States denies the allegations for lack of sufficient knowledge or information.

23.

In response to paragraph 23, the United States denies the allegations for lack of sufficient knowledge or information.

24.

In response to paragraph 24, the United States denies the allegations for lack of sufficient knowledge or information.

25.

In response to paragraph 25, the United States admits that an officer sprayed a chemical irritant at the Plaintiff's face. The United States otherwise denies the allegations for lack of sufficient information or knowledge.

26.

In response to paragraph 26, the United States denies the allegations for lack of sufficient information or knowledge.

27.

In response to paragraph 27, to the extent that this paragraph contains legal conclusions, no response is required. To the extent paragraph 27 contains factual allegations that require a response, the United States denies the allegations for lack

of sufficient information or knowledge.

28.

In response to paragraph 28, the United States denies the allegations for lack of sufficient information or knowledge.

29.

In response to paragraph 29, the United States denies the allegations for lack of sufficient information or knowledge.

**FIRST CAUSE OF ACTION**

**(FTCA - Assault)**

30.

In response to paragraph 30, the United States realleges and incorporates by reference Paragraphs 1-29 above,

31.

In response to paragraph 31, the United States refers to paragraph 5.

32.

In response to paragraph 32, the United States denies the allegations.

33.

In response to paragraph 33, the United States denies the allegations.

34.

In response to paragraph 34, the United States denies the allegations.

**THIRD [sic] CAUSE OF ACTION**

**(FTCA - Battery)**

35.

In response to paragraph 35, the United States realleges and incorporates by reference Paragraphs 1-29 above,

36.

In response to paragraph 36, the United States refers to paragraph 5.

37.

In response to paragraph 37, the United States denies the allegations.

38.

In response to paragraph 38, the United States denies the allegations.

## PRAYER FOR RELIEF

The final paragraph of the Complaint contains a prayer for relief, to which no response is required. To the extent a response is required, the United States denies that Plaintiffs are entitled to any relief from the United States in this case.

## AFFIRMATIVE AND OTHER DEFENSES

### First Defense

Under the Supremacy Clause, the Fourth Amendment provides the substantive law of liability.

### Second Defense

The United States, through its federal agents, acted with due care and diligence at all times relevant to Plaintiff's Complaint.

### Third Defense

Acts and omissions of the United States, through its federal agents, were

legally privileged law enforcement actions.

Fourth Defense

Acts and omissions of the United States, through its federal agents, were justified under the defense of reasonable belief.

Fifth Defense

Acts and omissions of the United States, through its federal agents, were justified as defense of property.

Sixth Defense

Acts and omissions of the United States, through its federal agents, were justified as defense of premises.

Seventh Defense

Plaintiff is not entitled to a jury trial.

Eighth Defense

Plaintiff's damages, if any, are limited to the amount presented and claimed in her administrative tort claim.

Ninth Defense

Plaintiff's recovery is limited in scope to the basis of liability and injuries alleged in Plaintiff's administrative tort claim.

Tenth Defense

No act or omission on the part of Defendant was the cause in fact of Plaintiff's injuries.

Eleventh Defense

No act or omission on the part of Defendant was the proximate cause of Plaintiff's injuries.

Twelfth Defense

If any liability is attributed to the United States, it is limited to the United States' proportionate share of fault.

Thirteenth Defense

The damages alleged are excessive and/or speculative.

Fourteenth Defense

Plaintiff's damages, if any, must be reduced to the extent that she failed to mitigate her damages.

Fifteenth Defense

Plaintiff's damages must be reduced to the extent that any of her claimed injuries either preexisted or arose subsequent to the events she alleges.

Sixteenth Defense

To the extent that any damages are awarded to Plaintiff, the damages must be reduced by any amount(s) by which Plaintiff has been, or will be, wholly or partially indemnified or compensated for her alleged damages by any other fund, person, corporation, or insurance company, including but not limited to Medicaid and Medicare.

Seventeenth Defense

To the extent damages are awarded to Plaintiff, the United States is entitled to an offset for any benefits paid or to be paid to the Plaintiff by any agency of the

United States.

Eighteenth Defense

Plaintiff is not entitled to any punitive damages.

Nineteenth Defense

Any claim for attorney's fees is limited by 28 U.S.C. § 2678.

Twentieth Defense

To the extent that any damages are awarded to Plaintiff, all future damages must be reduced to present value.

Twenty-First Defense

Plaintiff's damages, if any, are limited by the provisions of 28 U.S.C. § 2674, which precludes any pre-judgment interest, and may include post-judgment interest only as permitted by federal law.

Twenty-Second Defense

The United States may have additional affirmative defenses which are not yet known to the United States, but which may become known through future discovery. The United States reserves the right to assert additional affirmative defenses at a later date.

WHEREFORE, the United States of America prays for judgment as follows:

1. That Plaintiff takes nothing from the United States;

2. For costs of suit, as allowed by law; and

3. For such other relief as may be equitable and appropriate.

DATED this 8th day of September 2026.

SCOTT E. BRADFORD
United States Attorney
District of Oregon

*/s/Charles D. Agoos*________
CHARLES D. AGOOS
Assistant United States Attorney
Attorneys for Defendant